ALD-193                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-3481

———————

EDWARD DIEHL,
                              Appellant

v.

ROSMARIE CONNELL;
JUDGE STEPHEN C. HANSBURY;
JUDGE STERN; JUDGE A.A. RODRIGUEZ;
JUDGE C. L. MINIMAN; LAURIE FIEDLER

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 08-cv-05095)
District Judge:  Honorable Mary L. Cooper

———————

Submitted for Possible Summary Action Pursuant to
Third Circuit L.A.R. 27.4 and I.O.P. 10.6
May 13, 2010

Before: SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 26, 2010)

———————

OPINION

———————

PER CURIAM.

    Edward Diehl appeals the District Court's order dismissing his pro se complaint

for lack of subject matter jurisdiction, and a subsequent order denying reconsideration. We will summarily affirm.

I.

Diehl commenced this action in 2008 by filing a complaint asserting numerous claims under 42 U.S.C. § 1983 and other provisions against his former co-habitating partner of thirty years, Rosemarie Connell; Connell's former attorney, Laurie W. Fiedler, Esq.; and four New Jersey state court judges who presided over a trial and appeal in a palimony suit that Connell had filed against Diehl after the end of their relationship.[1]

Connell and Fiedler moved to dismiss for, inter alia, lack of jurisdiction. The four judges also moved to dismiss, arguing primarily that the complaint must fail under the Rooker-Feldman[2] doctrine because Diehl seeks to overturn decisions rendered by the state courts in the palimony suit. The District Court granted the motions to dismiss. It found that Diehl was seeking to avoid the adverse state court rulings in the palimony case, and it noted that the proper procedure for review of a state court decision is to appeal through

---

[1] In 2005, after a bench trial, the Chancery Division, Family Part, of the Superior Court entered judgment for Connell and awarded palimony. On cross-appeals from that ruling, the Appellate Division of the Superior Court affirmed the finding that Connell is entitled to palimony, and remanded at Connell's request for reconsideration of the quantum of the award. See Connell v. Diehl, 938 A.2d 143, 145 (Super. Ct. App. Div.), certif. denied, 195 N.J. 518 (2008). After remand, the Family Court entered an award for Connell on December 16, 2008. There is no indication in the present record whether either party appealed that award.

[2] See Dist. of Columbia Ct. of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284-87 (2005) (discussing Rooker and Feldman).

2

the state appellate process, and then seek certiorari review in the United States Supreme Court.  The District Court concluded that Diehl's complaint is barred under Rooker-Feldman because he seeks, in substance, to obtain appellate review in the lower federal courts of the state court decision.  The District Court also agreed with the judicial defendants that they are entitled to immunity from suit.  After the District Court denied a timely filed motion for reconsideration, Diehl timely filed this appeal.[3]

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291.  "Application of the *Rooker-Feldman* doctrine is a question of federal subject matter jurisdiction over which we exercise plenary review."  Whiteford v. Reed, 155 F.3d 671, 672 (3d Cir. 1998).  We review an order denying reconsideration for abuse of discretion.  Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).  After a careful review of the record, we conclude that this appeal presents "no substantial question."  3d Cir. L.A.R. 24.7, I.O.P. Ch. 10.6, thereby warranting summary action.[4]

The District Court was correct that it lacks subject matter jurisdiction over Diehl's complaint.  "The *Rooker-Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate

---

[3] Diehl's timely motion for reconsideration tolled his time to appeal from the order dismissing his complaint, thereby making his notice of appeal timely filed.  See Fed. R. App. P. 4(a)(4); Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).

[4] We have fully considered Diehl's "Brief on Behalf of Plaintiff in Support of Summary Action" in reaching this conclusion.

3

jurisdiction rests solely with the United States Supreme Court." In re Madera, 586 F.3d 228, 232 (3d Cir. 2009) (quotation marks omitted). "The *Rooker-Feldman* doctrine is implicated when, 'in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual.'" Id. (quoting FOCUS v. Allegheny County Ct. of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)). Thus, "a claim is barred by *Rooker-Feldman ...* if the federal claim is inextricably intertwined with the state adjudication, meaning that federal relief can only be predicated upon a conviction that the state court was wrong." In re Madera, 586 F.3d at 232 (quotation marks omitted).

Diehl's complaint falls squarely within this doctrine. The numerous counts that he asserts are all predicated upon an underlying contention that the state courts applied the law incorrectly, and that the judges, Connell, and Fiedler "fabricated" certain facts, to enable the conclusion that Connell is entitled to palimony. Among other things, Diehl claims that the state court acted without jurisdiction because Connell's palimony suit allegedly was pursued in violation of federal bankruptcy laws, and that Connell and Fiedler committed a "fraud upon the court" by contradicting statements that Connell had made in a bankruptcy petition that she filed in 2003. Compl. at 15-21. Diehl continues this refrain on appeal, arguing that Connell's palimony claim must have accrued prior to the filing of her bankruptcy petition, and that Connell and Fiedler fabricated an accrual date as part of Connell's state court complaint so that the palimony claim would post-

date Connell's discharge from bankruptcy. See Br. Re: Summary Action at 6-7.

At bottom, Diehl seeks relief in federal court because he believes that the palimony decision "is made up entirely of falsification of law and facts that are arbitrary, irrational, nonsensical, and dysfunctional." Id. at 1. His challenge to the determinations rendered by the state court, and the alleged deprivations of his rights resulting from those determinations, are barred under Rooker-Feldman. For the District Court to grant relief to Diehl, it would be required to find that the state court judgment is erroneous, or at least render that judgment ineffectual. See FOCUS, 75 F.3d at 840; see also Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006) (explaining that Rooker-Feldman divests federal courts of jurisdiction "if the relief requested effectively would reverse a state court decision or void its ruling"). The District Court correctly refused to undertake what amounts to appellate review of the palimony judgment, and thus it properly dismissed the complaint.

We also discern no abuse of discretion in the decision to deny reconsideration. A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis, 591 F.3d at 669. Because Diehl's motion did not advance one of these grounds, relief was properly denied.

5

III.

Based on the foregoing, we will summarily affirm the District Court's judgment.[5]

---

[5] Connell's motions for appointment of counsel and to expedite the appeal are denied as moot.